## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ANDERSON DIVISION

| | |
|---|---|
| Shanna Zareski, individually, as executor and as Personal Representative of the Estate of Michael Zareski, deceased; Dawn Stelling, individually, as executor and as Personal Representative of the Estate of Robert Stelling, deceased; and Joshua Reikes, individually,<br><br>               Plaintiffs;<br>vs.<br><br>Champion Aerospace LLC,<br><br>               Defendant. | CASE NO.: 8:20-cv-04236-DCC |

## DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant Champion Aerospace, LLC (hereinafter "Champion") hereby moves this Court for judgment on the pleadings ("Motion"). None of the Plaintiffs Shanna Zareski, Dawn Stelling, and Joshua Reikes (hereinafter "Plaintiffs) resides in South Carolina. Champion is not incorporated in South Carolina. The incident that gave rise to this lawsuit did not occur in South Carolina. South Carolina's Door Closing Statute, S.C. Code § 15-5-150, prohibits non-resident plaintiffs from maintaining an action in South Carolina against a foreign corporation based on an incident that occurred outside of South Carolina. Accordingly, Plaintiffs lack capacity to bring this suit against Champion as a matter of law. The Motion must be granted, and this case dismissed in its entirety.[1]

---

[1] Pursuant to Local Civ. Rules 7.04 and 7.05, a full explanation is contained in the motion such that a separate supporting memorandum would serve no useful purpose.

**I.     INTRODUCTION**

This lawsuit arises from the December 9, 2017 crash of a Beech A36 aircraft ("Subject Aircraft") in San Diego, California shortly after take-off from nearby Montgomery-Gibbs Executive Airport. The incident resulted in the deaths of two passengers, Michael Zareski and Robert Stelling; alleged injuries to a third passenger, Plaintiff Dawn Stelling; and alleged injuries to the pilot, Plaintiff Joshua Reikes.

On December 7, 2020, Plaintiffs jointly filed a Complaint against Champion in this Court alleging products liability causes of action premised on theories of strict liability, negligence, and breach of warranty on behalf of all Plaintiffs; loss of consortium on behalf of Plaintiffs Shanna Zareski and Dawn Stelling; and negligent infliction of emotional distress on behalf of Plaintiff Dawn Stelling. Plaintiffs seek punitive damages and claim Champion's conduct rose to the level of gross negligence, willfulness, recklessness, and wantonness. *See generally* Plaintiffs' Complaint attached as Exhibit A ("Compl."). Plaintiffs' Complaint essentially alleges that Champion's magnetos ("Subject Magnetos"), two electrical-ignition-generating devices providing voltage to each of the engine's spark plugs, caused the Subject Aircraft to lose engine power which allegedly resulted in the crash and Plaintiffs' injuries. *See* Compl. at ¶ 22. Plaintiffs Shanna Zareski and Joshua Reikes are residents of California and Plaintiff Dawn Stelling is a resident of New York. Compl. at ¶¶ 1-5. As the Complaint recognizes, Champion is a Delaware limited liability company. Compl. at ¶ 6. Plaintiffs brought their claims in this Court on the basis of diversity jurisdiction. Compl. at ¶ 7.

Plaintiffs' claims are all subject to dismissal under South Carolina's Door Closing Statute, S.C. Code § 15-5-150, which precludes non-resident plaintiffs from maintaining an action in South Carolina against a foreign corporation on an action that arose outside of South

Carolina. In this product liability action, Plaintiffs are not residents of South Carolina, Champion is a Delaware LLC, and the causes of action arose in California. South Carolina precedent makes clear that the Door Closing Statute bars Plaintiffs' claims. Accordingly, this Court should grant Champion's Motion.

## II.     LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x. 527, 529 (4th Cir. 2010) (citing *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009)); *see also Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). "To that end, Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails 'to state a claim upon which relief can be granted.'" *Cantrell v. New Penn Fin., LLC*, No. 7:17-CV-01078-DCC, 2018 WL 4403392, at *2 (D.S.C. Sept. 17, 2018). A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of a complaint," and to survive such a motion, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.    THE DOOR CLOSING STATUTE BARS ALL OF PLAINTIFFS' CLAIMS

Plaintiffs fail to state a claim upon which relief can be granted, because South Carolina's Door Closing Statute plainly precludes them from maintaining an action against Champion for injuries that occurred outside of South Carolina. The Door Closing Statute states:

> An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:

3

> (1) By any resident of this State for any cause of action; or
>
> (2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.

S.C. Code § 15-5-150. The South Carolina Supreme Court has articulated the statute's purposes as follows:

> (1) It favors resident plaintiffs over nonresident plaintiffs;
>
> (2) It provides a forum for wrongs connected with the State while avoiding the resolution of wrongs in which the State has little interest; and
>
> (3) It encourages activity and investment within the State by foreign corporations without subjecting them to actions unrelated to their activity within the State.

*Murphy v. Owens-Corning Fiberglas Corp.*, 590 S.E.2d 479, 481 (S.C. 2003).

"By implication, and by interpretation of the South Carolina Supreme Court, the statute closes the doors of South Carolina's courts for suits, as the present one, involving a foreign cause of action brought by a foreign plaintiff against a foreign corporation." *Proctor & Schwartz, Inc. v. Rollins*, 634 F.2d 738, 739 (4th Cir. 1980) (*Rollins*) (citation omitted); *see Collins v. R.J. Reynolds Tobacco Co.*, 901 F. Supp. 1038, 1042 (D.S.C.1995), *aff'd*, 92 F.3d 1177 (4th Cir. 1996); *Spelman v. Bayer Corp. and Bayer Healthcare, LLC*, No. 7:10-CV-00091-JMC, 2011 WL 13312222, at *5 (D.S.C. Feb. 22, 2011); *Boisvert v. Techtronic Indus. N. Am., Inc.*, 56 F. Supp. 3d 750, 752 (D.S.C. 2014). It has long been held that a South Carolina federal court exercising diversity jurisdiction must apply the Door Closing Statute absent affirmative countervailing federal considerations. *See Rollins*, 634 F.2d at 739-40; *Lane v. Lane*, No. 9:15-CV-1740-RMG, 2015 WL 5918955, at *7 n.10 (D.S.C. Oct. 8, 2015).

It is evident from the face of Plaintiffs' Complaint that the Door Closing Statute applies: (A) none of the Plaintiffs are residents of South Carolina; (B) Champion was formed under the laws of a state other than South Carolina; (C) Plaintiffs' causes of action arose outside of South

Carolina; and (D) there are no countervailing considerations precluding application of the Door Closing Statute.

### A.     Plaintiffs Are Residents of California and New York, Not South Carolina

Plaintiffs state in their Complaint that Plaintiff Shanna Zareski is a resident of California; Plaintiff Dawn Stelling is a resident of New York; and Plaintiff Joshua Reikes is a resident of California.  Compl. at ¶¶ 1-5.  As such, there can be no question that this suit has been brought by non-residents and the Door Closing Statute applies.  Champion's Motion should be granted accordingly.

### B.     Champion Was Created Under the Laws of Delaware, Not South Carolina

The Door Closing Statute applies to bar Plaintiffs' suit in this action because Champion was "created by or under the laws" of a state other than South Carolina.  S.C. Code § 15-5-150.  For the purposes of the Door Closing Statute, Champion's principal place of business is entirely irrelevant.  The South Carolina Supreme Court has explicitly held that a corporation's principal place of business is immaterial when applying the statute:

> The plain language of section 15–5–150 makes no reference to whether a foreign corporation's principal place of business is in South Carolina. Therefore, we hold that section 15–5–150 applies to any corporation created by or under the laws of any other state, government, or country *regardless of where its principal place of business is located*.

*Parsons v. Uniroyal-Goodrich Tire Corp.*, 438 S.E.2d 238, 239 (S.C. 1993) (emphasis added) (applying the Door Closing Statute to dismiss claims against Michelin, a New York corporation with its principal place of business in South Carolina) (overruled on other grounds by *Farmer v. Monsanto Corp.*, 579 S.E.2d 325, 327 (S.C. 2003); *see Conner v. Techtronic Indus. N. Am., Inc.*, No. 8:13-CV-02353-JMC, 2015 WL 3871889, at *3 (D.S.C. June 23, 2015) ("Plaintiff's emphasis on Defendants' principal places of business in South Carolina bears no relevance as the

5

place of incorporation has been held to be the only relevant determination for the Door Closing Statute."); *see also Kaufman v. Techtronic Indus. N. Am., Inc.*, No. CIV.A. 8:13-2345-BHH, 2014 WL 4929392, at *1 (D.S.C. Sept. 29, 2014) (dismissing action against Delaware corporation with principal place of business in South Carolina); *Boisvert,* 56 F. Supp. 3d at 751 (awarding summary judgment to Delaware corporation with its principal place of business in South Carolina).[2]

In their Complaint, Plaintiffs correctly allege that Champion is a Delaware limited liability company. Compl. at ¶ 6. Therefore, the Door Closing Statute applies, and Champion's Motion should be granted.

### C.     Plaintiffs' Causes of Action Arose in California, Not South Carolina

The Door Closing Statute bars Plaintiffs' suit because their claims arose in California, not South Carolina. For purposes of the Door Closing Statute, South Carolina law holds that a cause of action arises at the time and place the plaintiff suffers injury or damages. *See Murphy*, 590 S.E.2d at 482 ("In traditional tort settings, we have held that a cause of action arises in this State for purposes of the Door Closing Statute when the plaintiff has the right to bring suit."); *Cornelius v. Atlantic Grey Hound Lines*, 180 S.E. 791, 792-93 (S.C. 1935); *see also Collins*, 901 F. Supp. at 1044. Indeed, under the traditional rule, "a negligent act is not in itself actionable and only becomes such when it results in injury or damage to another." *Murphy*, 590 S.E.2d at 482 (citing *Gray v. Southern Facilities, Inc.*, 183 S.E.2d 438, 442 (S.C. 1971)).

---

[2] The *Farmer* decision, which applied the Door Closing Statute to bar certain plaintiffs' claims, merely clarified that the prohibition against suit in the statute involves capacity to sue, rather than jurisdiction. It noted that the parties to the case, and indeed the South Carolina Supreme Court in earlier cases, had framed the issue in terms of jurisdiction, rather than capacity. Accordingly, while leaving the rationale and holding of all such prior cases intact, *Farmer* overruled these cases only to the extent they were framed in terms of jurisdiction and not capacity. 579 S.E.2d at 327.

Plaintiffs' causes of action against Champion did not arise in South Carolina, because no injury or damages occurred within South Carolina. A long line of South Carolina cases supports this conclusion, including the following: *Parsons*, 438 S.E.2d at 239 (applying the Door Closing Statute in a product liability action where the subject automobile accident occurred in Georgia, and finding that the cause of action arose in Georgia) (overruled on other grounds by *Farmer*, 579 S.E.2d at 327); *Nix v. Mercury Motor Exp., Inc.*, 242 S.E.2d 683, 685 (S.C. 1978) (South Carolina's Door Closing Statute barred wrongful death suit, where the accident occurred in, and the claims therefore arose in, Virginia) (overruled on other grounds by *Farmer*, 579 S.E.2d at 327); and *Gibbs v. Young*, 130 S.E.2d 484, 486 (S.C. 1963) (in an action arising from an automobile accident in Georgia, the Door Closing Statute prevented consideration of the suit against corporate defendant organized under the laws of another state).

Plaintiffs allege in their Complaint that they suffered personal injuries, including the deaths of Decedents Michael Zareski and Robert Stelling, when the Subject Aircraft crashed on December 9, 2017. Compl. at ¶ 22. Plaintiffs also allege in their Complaint that the crash occurred in San Diego, California. Compl. at ¶ 10. Therefore, Plaintiffs' causes of action arose outside the state of South Carolina. All requirements of the Door Closing Statute are met and evident from the face of the Complaint. As such, Champion's Motion should be granted, and Plaintiffs' claims should be dismissed.

**D.     There Are No Countervailing Considerations Precluding Application of the Door Closing Statute**

It is well established that a South Carolina federal court exercising diversity jurisdiction "must apply § 15–5–150 'unless there are affirmative countervailing federal considerations.'" *Rollins*, 634 F.2d at 739-40 (quoting *Szantay v. Beech Aircraft Corp.*, 349 F.2d 60, 64 (4th Cir.

1965)); *see Boisvert*, 56 F. Supp. 3d at 752.[3]  "By the express language of *Rollins*, in the absence of such a showing, [a court] is constrained to apply the Statute and bar suit. *Kaufman*, 2014 WL at *2.

The Fourth Circuit Court of Appeals has limited the scope of countervailing considerations to circumstances in which plaintiffs never had an alternative forum to assert their claims.  See *Rollins*, 634 F.2d at 740; *Bumgarder v. Keene Corp.*, 593 F.2d 572, 573 (4th Cir.1979); *Boisvert*, 56 F. Supp. 3d at 752; *California Buffalo v. Glennon–Bittan Group, Inc.*, 910 F. Supp. 255, 257 (D.S.C.1996) ("The Fourth Circuit Court of Appeals has since limited the need to apply *Szantay* balancing to situations in which a plaintiff has no other available forum in which to bring its action."); *Collins*, 901 F. Supp. at 1043 n.2 (distinguishing *Szantay* because the plaintiff could have filed suit in other jurisdictions).  The Fourth Circuit has expressly held that "[a] Plaintiff's failure to timely file suit in the more logical, convenient forum does not constitute a countervailing consideration." *Rollins*, 634 F.2d at 740.

Plaintiffs acknowledge in their Complaint that Champion is a Delaware LLC, *see* Compl. at ¶ 6, meaning that Delaware provides at least one alternative forum in which they could have asserted their claims.  The fact that the two-year statute of limitations has expired in Delaware is of no consequence to this Motion, because the Fourth Circuit has specifically recognized that a plaintiff's failure to timely file suit does not constitute a countervailing consideration.  *See Rollins*, 634 F.2d at 740; *Collins*, 92 F.3d at * 3 (affirming District Court's grant of summary

---

[3] *See also Tuttle Dozer Works, Inc. v. Gyro-Trac, Inc.*, 463 F. Supp. 2d 544, 548-49 (D.S.C. 2006) (citing, among others, *Cent. Wesleyan Coll. V. W.R. Grace & Co.*, 6 F.3d177, 186 n.3 (4th Cir. 1993)); *Bumgarder v. Keene Corp.*, 593 F. Supp 572, 573 (4th Cir. 1979); *California Buffalo v. Glennon-Bittan Group, Inc.*, 910 F. Supp. 255, 256-57 (D.S.C.1996); *Grimsley v. United Eng'rs and Constructors, Inc.*, 818 F. Supp. 147, 148 (D.S.C.1993); *Recreonics Corp. v. Aqua Pools, Inc.*, 638 F. Supp. 754, 755-56 (D.S.C.1986); *Lightfoot v. Atlantic Coast Line R.R. Co.*, 33 F.2d 765, 765-66 (E.D.S.C.1929)).

judgment and finding that a lapsed statute of limitations in the alternative forum "is insufficient to overcome barring this action under the door-closing statute.").

As explained by the *Boisvert* court, "*Rollins* instructs that because the plaintiff could have brought suit in [an alternative forum], other federal considerations like the Full Faith and Credit Clause and the Privileges and Immunities Clause need not be weighed." 56 F. Supp. 3d at 752-53 (citing *Rollins*, 634 F.2d at 740). Where an alternative forum was once available – as it was here – no material federal consideration is at issue. *See id.* In this case, Plaintiffs had a least one alternative forum available to them in the State of Delaware. As such, there are no valid "affirmative countervailing federal considerations" and the Door Closing Statute must be applied.

Plaintiffs are foreign citizens whose claims against a foreign defendant arose outside of South Carolina. Accordingly, under S.C. Code § 15-5-150, Plaintiffs lack the capacity to maintain this action against Champion in South Carolina and their claims must be dismissed.

**IV.    CONCLUSION**

Based on the foregoing, Champion respectfully requests that this Court enter an order granting its Motion for Judgment on the Pleadings and dismissing Plaintiffs' claims, with prejudice.

Respectfully submitted,

GALLIVAN, WHITE & BOYD, P.A.

January 8, 2021

*/s/ John T. Lay, Jr.*
John T. Lay, Jr. (Fed. Bar No. 5539)
jlay@gwblawfirm.com
Zachary L. Weaver (Fed. Bar No. 11818)
zweaver@gwblawfirm.com
55 Beattie Place, Suite 1200
Greenville, SC 29601
Post Office Box 10589 (29603)